**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEVAUGHN OYOUKO RUSSELL,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, et. al.,<br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-1773 |

**OPINION**

Pending before the court is a petition for reconsideration filed pro se by petitioner Kevaughn Oyouko Russell ("Russell") (ECF No. 11). The government filed a response in opposition to the motion (ECF No. 15), and it is ripe for decision.

Background

The court reiterates the background of this case, as set forth in its opinion dated October 7, 2026 (ECF No. 8). Russell, a citizen of Jamaica, asserts that he has been detained for over 4 months, since May 20, 2026, while his removal proceedings are pending.[1] He contends that the immigration court has not held a bond hearing to determine whether continued detention is justified and argues that his ongoing detention may become unduly prolonged. Russell seeks either immediate release or a bond hearing at which Respondents bear the burden of proof.

Respondents argue the petition should be denied and provide additional facts that are not apparent from the petition (ECF No. 7-1 to 7-8). They report that Russell entered the United

[1] Russell asserts that he is being detained pursuant to 8 U.S.C. § 1226(c) due to his encounters with the criminal justice system. Respondents represent they are NOT taking the position that Russell's detention is mandated by § 1226(c) (ECF No. 7 at 7 n.3).

States in 2016, but overstayed his temporary visa. In 2024, Russell was erroneously approved to purchase a firearm; directed to relinquish the firearm; and failed to respond to that directive. As a result of that interaction, Russell was detained by Respondents pursuant to 8 U.S.C. § 1226(a) on July 31, 2025. On August 27, 2025, an immigration judge conducted an individualized bond hearing and ordered Russell released on a $9,500 bond.

Respondents report that while on bond, Russell was arrested by the City of Pittsburgh, Pennsylvania police on May 8, 2026, and charged with aggravated assault. On May 21, 2026, Russell's immigration bond was revoked and he was taken into custody. The exhibit provided by Respondents reflects that the aggravated assault charge was withdrawn on June 25, 2026 (ECF No. 7-6 at 2).

On August 3, 2026, Russell had a removal hearing before an immigration judge. He was ordered removed to Jamaica. (ECF No. 7-8). Russell filed an appeal of the decision to the Board of Immigration Appeals, which remains pending.

Discussion

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or fact or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should not be used to ask a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F. Supp.2d 236, 238 (W.D. Pa. 1998).

Motions for reconsideration do not provide litigants with a second bite at the apple. As explained in *Reich v. Compton*: "Motions for reconsideration should not relitigate issues already resolved by the court and should not be used 'to put forward additional arguments which [the movant] could have made but neglected to make before judgment.'" *Reich*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995) (quoting *Dodge v. Susquehanna Univ*., 796 F. Supp. 829, 830 (M.D. Pa. 1992)); *see Rottmund v. Continental Assurance Co*., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992) ("Because of the interest in finality, however, courts should grant motions for reconsideration sparingly.").

Russell did not point to an intervening change in the law, the availability of new evidence[2] or the need to correct clear error of law or fact or prevent manifest injustice. Instead, he appears to again contest the length of his detention.

Russell also seeks to challenge the legality of his initial arrest and the medical treatment he is receiving while in custody. This district court lacks jurisdiction to consider Russell's claims involving an improper arrest. *See* 8 U.S.C. § 1252(a)(5) (petitioner's exclusive avenue for judicial review is in the court of appeals). A habeas petition can be used only to challenge the legality or the duration of detention; the proper means for seeking relief for a claim challenging the conditions of confinement is a civil rights action under § 1983, after any available administrative remedies have been exhausted. *Hill v. McDonough*, 547 U.S. 573, 579 (2006).

In *Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87 (3d Cir. 2015) (affirming dismissal of a similar petition that asserted numerous legal theories), the court stated: "To the extent that Eiland challenged the adequacy of the medical care he is receiving, the Warden's response to his

[2] Russell argues that the information that his aggravated assault charge was withdrawn is new evidence. As the government correctly points out, however, that information was already part of the record and the court recited that fact in its October 7, 2026 opinion. *See* ECF Nos. 7-6 and 8 at 2.

alleged sexual assault, the conditions at the prison, improper retaliatory conduct by prison officials, and his custody level, his claims do not sound in habeas corpus." *Id.* at 89. In *Eiland*, the Third Circuit Court of Appeals summarily affirmed that "[t]he District Court's dismissal of Eiland's § 2241 petition without prejudice to his right to file a proper civil rights action was correct." *Id.* This court will likewise dismiss Russell's claims unrelated to the legality or duration of his detention. *See Hill*, 547 U.S. at 579.

Conclusion

In accordance with the foregoing discussion, Russell's motion for reconsideration (ECF No. 11) will be DENIED. An appropriate order follows.

Dated: November 24, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge